IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 8, 2005 Session

**BERT VIAR, JR. v. JOHN W. PALMER**

**A Direct Appeal from the Circuit Court for Dyer County**
**No. 02-100    The Honorable James L. Weatherford, Judge**

---

**No. W2004-02080-COA-R3-CV - Filed July 6, 2005**

---

This is a legal malpractice case. Client/Appellant sued Attorney/Appellee for legal malpractice for failure to respond to a motion for partial summary judgment filed by the defendant in the underlying case. Attorney's Motion for Summary Judgment was granted and Attorney was awarded attorney fees on his Cross-Complaint. Client appeals. We reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Michael W. Whitaker of Covington, Tennessee for Appellant, Bert Viar, Jr.

Tim Edwards and James F. Horner, Jr. of Memphis, Tennessee for Appellee, John W. Palmer

**OPINION**

John W. Palmer ("Defendant," or "Appellee") is an attorney licensed to practice law in the State of Tennessee. This case stems from Mr. Palmer's representation of Bert Viar, Jr. ("Plaintiff," or "Appellant") in a 1996 case styled *Bert F. Viar, Jr. v. W.E. Burks, Joe Louis Rankin, and wife, Brenda Rankin and Dyer County, Tennessee*, filed in the Circuit Court of Dyer County as Civil Action No. 96-231. Mr. Palmer was Mr. Viar's third attorney in this cause. We note at the outset that the record contains neither the filings made in connection with this 1996 case nor the filings made in connection with the 1994 case discussed *infra*. Despite this omission in the record, we have gleaned some information about the underlying suit inferentially. Apparently, the underlying litigation involved real property owned by Mr. Viar, which is located in Dyer County. The essence of the underlying lawsuit was Mr. Viar's claim that he was being denied access to a portion of his property. One of Mr. Viar's claims was that there was a road (i.e. Richardson Hill Road) leading to his property; Mr. Viar sought to have that road declared a county road and, thereby, to have this road

maintained by Dyer County. Mr. Viar allegedly relied upon two theories to have the road declared a county road. First, he asserted that the road had historically been a public county road and should be declared a county road going forward. In the alternative, Mr. Viar claimed that the road was made a county road by action of the Dyer County Legislative Body taken on August 13, 1984. As relates to the second theory, Mr. Viar had filed a petition with the Dyer County Legislative Body on August 10, 1984. The petition requested that the legislative body extend Richardson Hill Road by 6/10th of a mile so that it would reach Mr. Viar's property line. The Dyer County Legislative Body passed the petition on August 13, 1984 without specifying a route or a time frame for completion of the expansion.

In 1994, prior to the filing of the aforementioned underlying Civil Action No. 96-231, Mr. Viar had apparently filed a similar action seeking damages, injunctive relief and a declaration of his rights as to real property located in Dyer County. This 1994 suit was filed in the Dyer County Circuit Court under Civil Action No. 94-152. In response to the 1994 action, Dyer County filed a motion for partial summary judgment. Dyer County's motion (although not included in the record before this Court) allegedly claimed that the 1984 legislative action was void based upon a lack of notice to interested landowners as required by statute. The motion for partial summary judgment was supported by the Affidavit of Jeff Jones, which is included in the record; this Affidavit provides in pertinent part that the Dyer County Legislative Body granted the 1984 petition without giving notice to Messrs. Burks and Rankins as allegedly required by statute. The 1994 action was non-suited prior to the commencement of the 1996 action. When Mr. Viar re-filed his suit in 1996, Dyer County filed a motion to dismiss due to the alleged invalidity of the Dyer County Legislative Body's action in passing Mr. Viar's petition. Although neither of the Dyer County motions are included in this record, we assume that both the 1996 motion to dismiss (Civil Action No. 96-231) and the 1994 motion for partial summary judgment (Civil Action No. 94-152) alleged that the 1984 legislative action was void due to a lack of notice to interested parties as required by T.C.A. 54-10-202 (2004).

When Mr. Palmer assumed representation of Mr. Viar in his 1996 litigation, Dyer County's motion to dismiss was already filed. At the time he assumed representation of Mr. Viar, Mr. Palmer claims that he was not aware of the motion for partial summary judgment because it was filed under the 1994 Civil Action No. 94-152 and was never served on Mr. Palmer. Consequently, Mr. Palmer filed no response to the motion for partial summary judgment or to the Affidavit of Jeff Jones filed in support thereof. In his Affidavit, however, Mr. Palmer asserts that he did respond to the motion to dismiss, which was filed under Civil Action No. 96-231.

By Order of October 9, 2001 (also not included in the record), the trial court apparently ruled in favor of Dyer County and granted partial summary judgment and/or dismissed portions of Mr. Viar's complaint against Dyer County, finding that the Dyer County Legislative Body's action in passing Mr. Viar's 1984 petition was void because the adjoining landowners had not received notice as required by statute.

On September 24, 2002, Mr. Viar filed a "Complaint for Legal Malpractice" against Mr. Palmer. On November 5, 2002, Mr. Palmer filed an "Answer and Counter-Claim," in which he

generally denied all material allegation of the Complaint and counter-claimed to recover attorney fees. On December 17, 2002, Mr. Palmer filed a Motion for Summary Judgment, along with a Statement of Material Facts, his own Affidavit, and a Memorandum of Law in support thereof. After some delay of this matter due to Mr. Viar's change of attorney and a reassignment of this case to Senior Judge James L. Weatherford, Mr. Viar filed a "Motion to Amend Complaint" on December 4, 2003.[1] On February 26, 2004, Mr. Palmer filed a "Supplemental Motion for Summary Judgment," along with supplemental documentation in support thereof. Mr. Palmer's supplemental affidavit, filed in support of his "Supplemental Motion for Summary Judgment" reads, in relevant part, as follows:

> 8. I do not recall being aware of the motion for partial summary judgment because it was filed under the 1994 docket number, and I was never served with a copy of it. Therefore, I did not respond to the motion for partial summary judgment or the affidavit of Jeff Jones but did defend the motion to dismiss, which was filed under the 1996 docket.

> 9. I prepared for the motion to dismiss with the degree of diligence and competence required of attorneys practicing in Dyer County, Tennessee handling similar matters.

> 10. My failure to respond to the motion for partial summary judgment or the affidavit of Jeff Jones did not fall below the degree of diligence and competence required of attorneys practicing in Dyer County, Tennessee handling similar matters because it was not filed in the case in which I was representing Mr. Viar.

> *                         *                         *

> 14. In conclusion, in handling Mr. Viar's case, I did not deviate from the standard of care in any respect required of attorneys practicing in Dyer County, Tennessee or similar communities, and Mr. Viar suffered no injuries, damages or losses as a result of any alleged breach of the applicable standard of care.

On May 14, 2004, Mr. Viar filed an Answer to the Counter-Claim. On the same day, he filed a "Response to Motion for Summary Judgment and Law," his own Affidavit, the Affidavit of attorney Steve Butler, a "Response to Supplemental Statement of Undisputed Material Facts," and

---

[1] Although we can find no order specifically granting this Motion to Amend the Complaint, by the trial court's letter of July 2, 2004, *see infra*, it appears that the trial court did consider Mr. Viar's proposed amendments to the Complaint.

a "Response to First State of Material Facts". The Affidavit of Steve Butler reads, in relevant part, as follows:

> I am an attorney licensed to practice law in Tennessee since 1977. I have practiced law since that date in this state, including Dyer County, Tennessee.
>
> *                                    *                                    *
>
> I am familiar with the standard of care in Dyersburg, Tennessee, and based on that knowledge and a review of the files in both the cases referenced above [the 1994 and the 1996 cases], interviews with Mr. Viar, review of the deposition and affidavit of Bert Viar, and the deposition of John Palmer, it is my opinion that Mr. Palmer was negligent and that his conduct was below the standard of care of lawyers so situated.
>
> I note the following deficiencies:
>
> 1. He allowed the Circuit Court to rule adversely on a motion for summary judgment, which had not been filed in <u>that</u> case. This occurred because he did not familiarize himself with the contents of the files, which a prudent attorney should have done.
>
> 2. The pivotal proof relied upon by Dyer County was the affidavit of Jeff Jones (herein "Jones Affidavit"), which Mr. Palmer testified he had not seen until his discovery deposition just recently.
>
> 3. The Judge's ruling in this matter specifically referenced and relied upon the Jones Affidavit. The entry of the Judge's order was disputed. Mr. Palmer should have known about the Jones Affidavit and its importance to Mr. Viar's case.
>
> 4. The motion for summary judgment was argued orally notwithstanding the fact that the motion had not been filed in the case at bar. Mr. Palmer should have realized in the exercise of ordinary care that something was in error.
>
> *                                    *                                    *
>
> Mr. Viar had a real estate contract to sell a tract of this property. As a result of the Court's adverse decision on the motion for summary judgment determining that the road in question was not

a County Road, the contract for sale was cancelled and Mr. Viar's opportunity to sell was lost.

Mr. Palmer was negligent to have not even seen the Jones Affidavit until his deposition in this case. Further, some minimal investigation or research should have been undertaken to determine what, if any, defense or challenge could be made to the Jones Affidavit, as well as challenging its veracity, including obtaining countervailing affidavits, taking depositions, or use of some other form of discovery.

Mr. Palmer's failure caused Mr. Viar a financial loss because of the sale of this property being cancelled. Mr. Viar has legally cognizable damages.

On July 2, 2004, a letter to the file from Judge Weatherford was entered. That letter reads, in pertinent part, as follows:

I have now considered the entire file in this case, the complaint, the amendment to the complaint, the motion for summary judgment, the supplemental motion for summary judgment, all of the affidavits, the law submitted by both parties, and the oral arguments submitted by both attorneys in Dyer County on May 25, 2004.

After considering all of the aforementioned, I have concluded that the motion for summary judgment submitted by the defendant must be sustained.

Even if the acts of the defendant, as alleged in the complaint and amended complaint, could be considered negligent, I do not find that the plaintiff could have been successful in his lawsuit.

Since there seems to be no dispute to the amount of attorney's fees sought by defendant in his counter-claim, I will award the amount he sued for.

On July 29, 2004, the trial court entered its "Order Granting Summary Judgment" (the "Order"). In addition to granting summary judgment to Mr. Palmer, the Order awards Mr. Palmer $9,006.19 in attorney fees.

Mr. Viar appeals and raises two issues for review as stated in his brief:

1. Did the Affidavits of Viar and Butler create genuine issues of material fact?

2. Is Palmer entitled to his fee if he failed to perform competent services?

We first note that motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On motion for summary judgment, the court must take the strongest legitimate view of evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993), our Supreme Court stated:

> Once it is shown by the nonmoving party that there is no genuine issue of material fact, the nonmoving party must them demonstrate, by affidavits or discovery material, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial.

*Id*. at 210-11 (citations omitted).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant or denial of summary judgment. *See Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's denial of summary judgment is de novo on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997).

A cause of action for legal malpractice accrues when: 1) the defendant's negligence causes the plaintiff to suffer a legally cognizable or actual injury; and 2) the plaintiff knows "or in the exercise of reasonable diligence should have known that this injury was caused by defendant's negligence." *Carvell v. Bottoms*, 900 S.W.2d, 23, 28 (Tenn.1995). In an action for malpractice against an attorney for negligently handling or failure to timely file a suit, plaintiff is required to prove that recovery could have been made in the original action which the attorney was employed to handle. *Commercial Truck and Trailer Sales, Inc. v. McCampbell*, 580 S.W.2d 765 (Tenn.1979); *Woodruff v. Tomlin*, 616 F.2d 924 (6th Cir.1980) cert. denied 449 U.S. 888, 101 S.Ct. 246, 66 L.Ed.2d 114 (1980). In essence, the plaintiff bringing the malpractice action must prove a case within a case. Consequently, in order to maintain a cause of action for legal malpractice against Mr. Palmer, Mr. Viar must establish that Mr. Palmer's failure to respond to Dyer County's motion for

partial summary judgment and/or his failure to respond to the Affidavit of Jeff Jones affected the outcome of the court's ruling in the underlying case.

As set out above, the Affidavits of Messrs. Palmer and Butler create a dispute of material fact concerning the question of whether Mr. Palmer breached a duty to Mr. Viar. Mr. Butler sets out specific acts or omissions on the part of Mr. Palmer, which, in the opinion of Mr. Butler, rise to the level of malpractice. On the other hand, Mr. Palmer's Affidavit contains no specifics as to what actions Mr. Palmer took in defending Dyer County's motion or in his overall representation of Mr. Viar. Rather, Mr. Palmer generally states that he approached his representation of Mr. Viar with the "degree of diligence and competence required of attorneys practicing in Dyer County...." Rather than defending his action, or lack thereof, by his Affidavit, Mr. Palmer seems to defend his alleged negligence by asserting that the trial court's action in granting Dyer County's motion was correct under the applicable statutory scheme, to wit:

> 13. The 1984 Dyer County legislative proceeding on Mr. Viar's petition was deficient because it failed to comply with requirements set forth in Tennessee Code Annotated section 54-10-201 et seq. There was no timely notice to interested landowners regarding the petition nor was a jury of view formed to condemn the subject land and assess damages to interested landowners. Therefore, the underlying court correctly ruled that the 1984 Dyer County legislative proceeding was void, pursuant to applicable Tennessee law.

In his Affidavit, Mr. Butler rebuts Mr. Palmer's contention that Mr. Viar could not have recovered in his underlying suit, to wit:

> 5. Mr. Viar did have viable or arguable legal issues as to the road being a county road:
>
> (1) The road had never been legally closed, and the action of the commissioners was superfluous.
> (2) One of the landowners to whom notice was required to be given was the bank. At the time of the County Commission meeting, August 13, 1984, an officer of the bank was a County Commissioner and was present at that meeting and voted for the matter pending. Mr. Palmer should have argued that the bank had actual notice.
> (3) The other landowner should have been contacted, deposed, or subpoenaed in order to determine what, if any, notice he may have had of the County Commission meeting on August 13, 1984, and the actions taken therein.

As noted above, this record contains none of the filings or Orders made in connection with the underlying suit. This omission makes it impossible for this Court to evaluate the underlying case

in order to make a determination as to whether Mr. Viar could have recovered thereunder, but for the action or inaction of Mr. Palmer. Consequently, and in light of the opposing opinions set forth in the respective Affidavits of Messrs. Palmer and Butler, we must reverse the trial court's grant of summary judgment in this case. The grant of Mr. Palmer's attorney's fees is also reversed pending further proceedings in the trial court.

For the foregoing reasons, we reverse the Order of the trial court and remand for such further proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed against the Appellee, John W. Palmer.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.